{¶ 56} I fully concur in the majority's analysis and disposition of appellant's second and third assignments of error. I further concur in the majority's disposition of appellant's first assignment of error, but disagree with its stated reason for doing so.
 {¶ 57} At all scheduled depositions where appellant used his own voice recording device, a court reporter was present for the purpose of preserving the official record of the deponent's testimony. I find the purpose behind Civil R. 30 (B) (3) was fully satisfied, and there was compliance with the rule. I find no violation of either the letter or spirit of the rule occurs where counsel for either party, surreptitiously or not, chooses to also separately record the proceedings for his or her own purpose. I hasten to note counsel's personal recording could not be used to challenge the certification of the accuracy of the court reporter's transcript.
 {¶ 58} Nonetheless, I concur in the majority's overruling appellant's first assignment of error because the trial court did not assess any monetary sanction as a result of the appellant's use of his voice recorder. Accordingly, appellant has not been prejudiced as a result of what I find to be an erroneous determination by the trial court on this issue.